

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 6785
JHEYWORTH@SIDLEY.COM

May 17, 2024

**Via ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *In re SBK ART LLC*, 24-mc-00142-PAE-RFT (S.D.N.Y.)

Dear Judge Engelmayer:

    This firm represents Respondent Kroll, LLC ("Kroll") in the above-referenced matter. We write in response to Magistrate Judge Tarnofsky's May 6, 2024 Report and Recommendation (the "R&R"), which recommends granting Petitioner's Section 1782 application seeking discovery from Kroll. For the reasons stated below, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, we respectfully request that this Court extend the deadline for Kroll to object to the R&R or otherwise oppose Petitioner's Application until a decision has been made on certain pending, relevant briefing in the related action *In re SBK ART LLC*, 24-mc-00147 (S.D.N.Y.).

    On March 25, 2024, SBK ART LLC ("SBK" or "Petitioner") filed an application pursuant to Section 1782 ("Petitioner's Application") in the instant action (the "Kroll Action") seeking certain documents from Kroll. In a separate action filed the following day, SBK filed a largely-duplicative application seeking similar and additional documents from Akin Gump Strauss Hauer & Feld LLP ("Akin"). *See In re SBK ART LLC*, 24-mc-00147 (S.D.N.Y.) (the "Akin Action"). In the Kroll Action, SBK seeks discovery from Kroll for use in both a pending lawsuit filed in the Civil Court of Malta (the "Maltese Action") against the Fortenova Group ("Fortenova") and for "potential new claim[s]" that SBK alleges it "intends to file in the Netherlands or another appropriate foreign court" (the "Contemplated Proceedings"). Mem., Dkt. 5, 24-mc-00142 (Mar. 25, 2024). The Akin Action seeks discovery for use in the same proceedings and an additional action in the EU. Mem., Dkt. 6, 24-mc-00147 (Mar. 26, 2024).

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

By Order dated March 28, 2024, the Court ordered SBK to serve Kroll with Petitioner's Application and all supporting papers, and gave Kroll until April 15, 2024 to respond to the petition. Order, Dkt. 10, 24-mc-00142 (Mar. 28, 2024). SBK's counsel promptly served Kroll and the undersigned met and conferred with SBK's counsel, but for efficiency and cost reasons Kroll opted to not object to or otherwise respond to Petitioner's Application, while reserving all rights. On April 15, 2024, SBK requested that the Court administratively consolidate the Kroll and Akin Actions, stating that their request was "in the interest of judicial and municipal economy." Letter Motion, Dkt. 11, 24-mc-00142 (Apr. 15, 2024). On April 22, 2024, the Court accepted the cases as related and re-assigned the Akin Action from Judge Kaplan to Your Honor. The Kroll and Akin Actions are now designated as "related" and are pending before Your Honor and Magistrate Judge Tarnofsky, but have not been formally consolidated.

On April 23, 2024, following Kroll's deadline to oppose Petitioner's Application, the First Hall of the Civil Court of Malta dismissed an action filed by SBK against Fortenova and related parties, declining jurisdiction and determining that SBK's ongoing litigation campaign against Fortenova "constitute[d] vexatious and oppressive litigation." *SBK ART LLC v. Open Pass, Ltd.*, 532/2024/1 MS at ¶ 16 (First Hall of the Civil Court of Malta) (attached hereto as Exhibit A). While this dismissal did not directly affect the action on which SBK premised the Kroll and Akin Actions, it was an action between the same parties in the same court based on the same underlying facts. Kroll understands that Fortenova has asserted an identical jurisdictional argument in the Maltese Action, and it is a reasonable possibility that the Maltese action underlying both the Kroll and Akin Actions may be dismissed on that basis.

On May 6, 2024, Magistrate Judge Tarnofsky issued her R&R and recommended the Court grant SBK's application and be authorized to serve a subpoena on Kroll. Objections to the R&R are due by May 20, 2024 pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.

On May 6, 2024, after the issuance of the R&R, Akin filed an opposition to SBK's application in the Akin Action. Response, Dkt. 22, 24-mc-00142 (May 6, 2024) (attached hereto as Exhibit B). Akin's opposition is pending before Magistrate Judge Tarnofsky.

Akin's opposition contains a number of arguments that would also apply in the instant action as to Kroll. Namely, Akin argues that (i) the discovery sought by SBK may not meet the statutory requirement of being "for use" in a foreign proceeding, both because the Contemplated Proceedings are not "reasonably contemplated"—SBK has not specifically identified the causes of action, parties, court(s), or even the country or countries they might consider bringing the non-specific Contemplated Proceedings in—and the Maltese Action is at risk of being dismissed on the same jurisdictional grounds the Civil Court of Malta recently dismissed a similar action, *see* 28 U.S.C. § 1782; *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 124 (2d Cir. 2015); and (ii) SBK's status as a sanctioned entity implicates both the third and

# SIDLEY

Page 3

fourth *Intel* factors such that the Court might properly decline to allow SBK to seek discovery against Kroll, *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004); *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243–44 (2d Cir. 2018).

In the interest of judicial efficiency and party resources, Kroll respectfully requests this Court extend the deadline by which Kroll must object to the Magistrate's R&R. Many of the same threshold arguments raised in Akin's recent submission, pending before Magistrate Judge Tarnofsky, apply equally to Kroll. The outcome of that briefing is highly relevant to the issues in the instant action, and inform Kroll's decisions to object to the R&R and/or to move to quash SBK's subpoena, once formally issued and served on Kroll. It would be an unnecessary duplication of the Court's efforts for Kroll to brief and argue in opposition to the R&R at this time or on a different timeline than Akin. Kroll is particularly concerned about Akin's arguments arising out of SBK's status as a sanctioned entity. Were this Court to deny SBK's application in the Akin Action based on the fact that foreign sanctions restrictions prevent the disclosure of the information sought (*see* Ex. B at 18), Kroll may have little choice but to oppose the discovery sought from it by SBK, by way of a motion to quash or otherwise.

For the reasons stated above, Respondent respectfully requests this Court extend the due date for their opposition to Magistrate Judge Tarnofsky's Report and Recommendation until a decision has been made on the pending, relevant briefing in the Akin Action. This is Kroll's first request for any extension of time in this action. We have consulted with counsel for SBK and they consent to the requested extension.

Sincerely,

*/s/James Heyworth*
James Heyworth
Partner

Cc: All counsel of record (*via ECF*)

GRANTED.

SO ORDERED.

Dated: May 17, 2024
New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge