
FORD
O'BRIEN
LANDY LLP

May 16, 2025

**By ECF**

The Honorable Paul A. Engelmayer
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *In re Ex Parte Application of SBK ART LLC*, 24-mc-142 (PAE) (RFT)

Dear Judge Engelmayer:

   We are counsel for Petitioner SBK ART LLC ("SBK"), and write regarding the above-captioned matter, a Section 1782 petition directed to Kroll, LLC ("Kroll").

   After SBK's petition was filed earlier this year, Kroll chose not to submit any opposition. Accordingly, on May 6, 2024, Magistrate Judge Tarnofsky issued a decision recommending that this Court grant the application and authorize the subpoena (ECF No. 14). Despite not having raised any objections before the Magistrate Judge, Kroll sought in a May 17, 2024, letter to this Court to toll the time to appeal the Report and Recommendation while objections raised by Akin Gump Strauss Hauer & Feld, LLP and Akin Gump LLP (together "Akin") in a separate but related case before Judge Tarnofsky were being addressed. (ECF No. 18). In the Akin matter (Case No. 24-MC-00147) (the "Akin Action"), Akin raised objections to SBK's petition largely on grounds based on Akin's role as a law firm, although their initial opposition also argued that E.U. sanctions might prevent the disclosure SBK sought. Kroll's extension was sought "until a decision has been made on the pending, relevant briefing in the Akin Action." Petitioner SBK consented to the stay at the time, and on May 17, 2024, this Court granted the extension *sine die*. (ECF No. 20).

   Since that extension was granted, Judge Tarnofsky did reach a decision in the Akin Action, ruling in a July 30, 2024 Report & Recommendation that Akin too was subject to discovery under the proposed subpoena. (Akin Action, ECF No. 46, hereafter "R&R"). Akin filed an objection to the Report & Recommendation which was fully submitted on September 20, 2024.

   Given the intervening ruling by Judge Tarnofsky, the arguments that are pending before Your Honor on Akin's objection, and the passage of time, it is now apparent that the indefinite extension sought by Kroll is no longer warranted. We therefore respectfully request that this Court withdraw the stay and set a deadline for Kroll to object to Judge Tarnofsky's May 6, 2024 Report and Recommendation (to the extent they choose to do so).

Hon. Paul A. Engelmayer
May 16, 2025
Page 2

In its May 17, 2024, letter, Kroll identified three issues that might impact its obligation to produce documents in response to SBK's requested subpoena, namely that (i) the Contemplated Proceedings – as originally defined in SBK's initial petition -- were not properly within contemplation; (ii) the Maltese proceeding was "at risk of being dismissed;" and (iii) SBK's status as a sanctioned entity "implicates both the third and fourth *Intel* factors." With respect to the third issue, Kroll's position is understood to mirror Akin's argument that any production of documents to a sanctioned entity such as SBK could constitute a violation of the sanctions regimes in the European Union and the United Kingdom, and thus expose the Respondents themselves to potential legal liability.

None of the grounds identified by Kroll has any merit, nor do they bear any relationship to the core consideration raised by Akin in its *sub judice* objection to Judge Tarnofsky's July 30, 2024 Report & Recommendation. Akin's objection is founded principally on its unique status as a law firm. As Kroll is not a law firm, that argument has clearly no relevance to Kroll's application, and thus any resolution by this Court of Akin's claims on that ground will not have any impact on Kroll's obligation to respond to SBK's subpoena.

With respect to the sanctions issue raised by Akin, that argument is very tenuous and therefore unlikely to play a leading role in this Court's determination. Judge Tarnofsky was "unpersuaded" by the argument presented by Akin's proffered expert, Ross Denton, in his First Declaration. R&R, at 36, 41. And in Mr. Denton's Second Declaration ("Denton Decl. II") filed before Judge Tarnofsky on July 17, 2024 (Akin Action, ECF 39) (tellingly ignored by Akin in its opposition filed with this Court, Akin Action, ECF 51), *Akin's own expert* essentially conceded SBK's interpretation:

> The application of EU (and UK) sanctions *does not prevent a designated person from being able to benefit from any legal rights afforded to it*, but simply that it would be unlawful under EU (and UK) law for any EU (or UK) person to provide that designated person *with funds or economic resources*. A designated person can clearly bring an action in a court, but any measure or remedy, particularly one involving *transfer of funds or economic resources* to that person, needs to be considered in the context of the sanctions. If a court orders such a transfer, then the EU (or UK) person making the transfer has a defence to such provision.

Denton Decl. II, ¶ 5 (emphasis added).

Finally, with respect to the status of the underlying proceedings, there is no dispute that SBK is currently pursuing several pending proceedings in Europe, and not just in Malta. As Petitioner made clear to Judge Tarnofsky in its submission on May 31, 2024 (Akin Action, ECF 34):

> SBK has launched a multi-front litigation strategy in Europe. Before the Council of the European Union, SBK has initiated a proceeding to challenge and retroactively annul the

   sanctions designation (the "E.U. Action"). In the Netherlands, SBK has initiated five different proceedings seeking, among other things, to preclude STAK from blocking SBK's exercise of its meeting and voting rights to prevent the dilutive sale of MidCo from going through. Finally, SBK has filed a damages claim in Malta. Before year end, SBK intends to file two more actions in the Netherlands challenging various STAK board resolutions and actions taken thereunder, and SBK plans to continue protecting its rights by initiating further proceedings seeking damages and other remedies (the "Contemplated Proceeding") (collectively, the "Foreign Proceedings").

 Any one of these proceedings is sufficient to justify issuance of a Section 1782 subpoena. *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017). Akin's objection pending before this Court does not challenge the existence of applicable "Foreign Proceedings," thus putting to rest the remaining issue that Kroll highlighted as possibly impacting its obligations.

 Kroll's documents are germane to SBK's litigation strategy in Europe, and several opportunities have already come and gone to present such evidence to the tribunals in those proceedings. But as further hearings are anticipated at which such evidence could be admitted, the subpoena to Kroll remains pertinent. As set forth in the accompanying declaration of Dr. Konstantin Oppolzer, attached as Exhibit A, the Kroll records are highly relevant to the pending proceedings, and there are upcoming opportunities in those proceedings to utilize such materials, provided they are received in time. Given the number of interim steps that have to be covered before any document production can be made, namely (1) consideration of any objections Kroll may yet raise to Magistrate Tarnofsky's May 6, 2024 decision, (2) addressing any objections and responses that Kroll may raise to the SBK subpoena itself, (3) negotiation of reasonable limitations to the subpoena, and (4) preparation of materials for production, these processes must commence as soon as practicable in order for SBK to be in a position to make effective use of such materials in the coming months.

 As it has now become apparent that this Court's determination of Akin's appeal is unlikely to turn on the three peripheral concerns raised by Kroll in its May 17, 2024 letter, and that resolution of the central Akin arguments will not result in an order that is applicable to Kroll, we respectfully request that Kroll's current stay be lifted and a date certain be set for Kroll's appeal to this Court.

 We thank the Court for its attention to this matter.

Respectfully submitted,

*s/Robert S. Landy*
Robert S. Landy

(attachment)
cc:  James Heyworth, Esq. (by ECF)

On May 17, 2024, the Court granted a request by respondent, to which petitioner consented, *see* Dkt. 20, for a stay of the parties' deadline to file any objections to Magistrate Judge Tarnofsky's Report and Recommendation (the "Report"), Dkt. 14, pending this Court's resolution of the discovery application in the related case *In re SBK ART LLC,* 24 Misc. 147 (S.D.N.Y.). Today, the Court issued its decision in the related case. As a result, the stay in this action is terminated. The Court accordingly denies as moot petitioner's motion to lift the stay, Dkt. 22.

Any objections to the Report will be due June 13, 2025. Any responses thereto will be due June 27, 2025.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 30, 2025
       New York, New York