**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE EX PARTE APPLICATION OF SBK ART LLC, | ) ) ) C.A. No. 24-mc-00142 ) ) ) |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, the Court in this matter, has authorized pursuant to 28 U.S.C. § 1782 the issuance of a subpoena to Kroll, LLC ("Kroll") for documents and testimony relating to its role as registrar and custodian of depositary receipts for Fortenova Group STAK Stichting, and for Fortenova STAK Stichting (together "Fortenova") (the "Subpoena");

WHEREAS, Kroll (the "Producing Party") intends to produce documents and other information sought by the Subpoena (the "Discovery Material");

WHEREAS, the Discovery Material is for use by SBK ART LLC ("SBK ART" or the "Receiving Party") in current and future judicial and/or regulatory proceedings in foreign (non-U.S.) jurisdictions relating to and arising out of (a) sanctions imposed on SBK ART by the Council of the European Union; (b) the changes to the corporate governance structure of Fortenova implemented in connection with or after the imposition of sanctions against SBK ART; and/or (c) any subsequent transactions, arrangements, or restructuring measures by which the direct or indirect assets of Fortenova are transferred to Fortenova Group B.V. (the former Iter BidCo. B.V.), including any transactions, arrangements, or restructuring measures related thereto (the "Foreign Proceedings"):

WHEREAS, Kroll seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that it may disclose in connection with this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

1. The Producing Party may designate as Confidential only documents that it reasonably and in good faith believes contain non-public, commercially sensitive, or otherwise protected information which the Producing Party takes measures to keep confidential.

2. With respect to Discovery Material designated Confidential, the Producing Party or its counsel may designate such document as "Confidential" by stamping or otherwise clearly marking the document as "Confidential" in a manner that will not interfere with legibility or audibility.

3. Where the Producing Party has designated Discovery Material as Confidential, subject to the terms of this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone other than the following:

    a. Members, officers, and employees of SBK ART.

    b. Counsel for SBK ART involved in the prosecution or defense of claims in any Foreign Proceedings, including any paralegal, clerical, or other assistant that counsel employs and assigns to such matters.

    c. Vendors retained to provide technical assistance with respect to SBK ART's prosecution or defense of claims in any Foreign Proceedings.

    d. Experts or consultants retained in connection with SBK ART's prosecution or defense of claims in any Foreign Proceedings.

    e. Counsel for opposing parties in the Foreign Proceedings to the extent required by law or court order in the relevant foreign jurisdiction;

    f. This Court, including its support personnel and court reporters;

    g. The courts before which the Foreign Proceedings are conducted, and their respective support personnel and court reporters.

  4. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such Material.

  5. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 3(c)-(d) above, Counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Counsel must retain each signed Non-Disclosure Agreement and produce it upon request to the Producing Party in a timely manner.

  6. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified.

  7. At least ten (10) business days before SBK ART first uses, produces, or otherwise presents or refers to any Confidential Information in any Foreign Proceeding, SBK ART through its counsel shall notify the Producing Party. If the Producing Party objects, the Parties shall promptly meet and confer in good faith to resolve the issue. If agreement cannot be reached, prior to the expiration of the 10-business-day period, the Producing Party may seek relief from this Court, and the receiving party shall not use the Confidential Information until resolution of the dispute. In any such dispute, the Producing Party shall have the burden to establish that the

proposed use is inconsistent with 28 U.S.C. 1782 and the Court's prior orders in this action. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

8. In the event that Counsel in the Foreign Proceedings deem it appropriate to submit Confidential Discovery Material to a particular court, or file with such court pleadings, motions, or other papers that disclose such Confidential Discovery Material in part or in full ("Confidential Court Submission"), Counsel shall seek to file the Confidential Discovery Material and Confidential Court Submission under seal or in redacted form in accordance with the applicable local rules of the court and the forum. The Parties acknowledge that the ability to file under seal or in redacted form may be subject to the rules and practices of the foreign court, and agree to cooperate in seeking the highest level of protection available under the circumstances.

9. If the Receiving Party objects to any designation of confidentiality, it may, within 90 days of the production of such Confidential Discovery Material, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Rules of Practice in Civil Cases. Prior to seeking court intervention, the Parties shall meet and confer in good faith to attempt to resolve any dispute regarding confidentiality designation.

10. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency or court having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.

Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

11. If any provision of this Order is found to be unenforceable in a particular jurisdiction, the Parties shall cooperate in good faith to seek alternative protections that approximate the intent of this Order to the greatest extent possible.

12. This Order will survive the termination of this action and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

By: /s/ Robert S. Landy

Robert S. Landy
FORD O'BRIEN LANDY LLP
275 Madison Avenue, Fl. 24
New York, New York 10016
Tel: (212) 256-1047
rlandy@fordobrien.com
*Attorneys for Petitioner SBK ART, LLC*

By: /s/ James Heyworth

James Heyworth
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
jheyworth@sidley.com
*Attorney for Respondent Kroll, LLC*

Dated: October 3, 2025
New York, NY

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

SO ORDERED.

Dated: October __, 2025
New York, New York

_____
Hon. Robyn F. Tarnofsky
United States Magistrate Judge